UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MELISSA K. KELLEY, ) | CASE NO. 5:06CV2055 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MICHAEL J. ASTRUE, ) | AND ORDER |
| Commissioner of Social Security ) | [RESOLVING DOC. #18] |
| ) | |
| Defendant. ) | |

This matter comes before the Court on Plaintiff Melissa K. Kelley's Objections to the Magistrate Judge's Report and Recommendation which upholds the Administrative Law Judge's decision denying Plaintiff's application for Disability Insurance and Supplemental Security Income benefits. This Court has been advised, having reviewed Plaintiff's objections, the Commissioner's response thereto, the Social Security record, and applicable law. For the reasons that follow, this Court ADOPTS the Magistrate Judge's Report in full.

## I. PROCEDURAL HISTORY

On June 7, 2002, Plaintiff (then Claimant) filed an application for Disability Insurance (DI) and Supplemental Security Income (SSI) benefits, alleging a disability onset date of May 7, 2002. That application was originally denied on November 22, 2002, and was denied again on June 3, 2003, upon reconsideration. No appeal was taken. On September 4, 2003, Claimant

filed the instant application for DI and SSI benefits, alleging the same disability onset date of May 7, 2002. The Administrative Law Judge (ALJ) found no good cause to reopen Plaintiff's June 7, 2002 application and therefore the determination that Claimant was not disabled through June 3, 2003 was final. The earliest disability onset date that the ALJ considered was June 4, 2003. On March 7, 2006, the ALJ found that Claimant was not disabled and therefore denied her application for DI and SSI benefits.

After exhausting her administrative appeals, Plaintiff filed her complaint in this Court on August 28, 2006. The matter was assigned to Magistrate Judge Kenneth McHargh and on March 27, 2007, he issued his Report and recommended that the AJL's decision be affirmed. On April 2, 2007, Plaintiff timely filed her objections (Doc. #18) and Defendant responded on April 11, 2007. (Doc. # 19).

## II. LAW AND ANALYSIS

The district court may properly refer a matter to a Magistrate Judge for a Report and Recommendation (Report). 28 U.S.C. § 636(b). When the Magistrate Judge submits a Report, this court is required to conduct a de novo review of those portions of the Report to which an objection has been made. *Id.* Objections to the Magistrate Judge's Report must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supported the ALJ's decision. This court's review of the ALJ's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the ALJ's findings. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If substantial evidence supports the ALJ's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* However, in determining whether substantial evidence supports the ALJ's findings, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation omitted). The court must also consider whether the ALJ employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for an ALJ to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). This inability to engage in substantial gainful activity encompasses both Plaintiff's past employment and any other work existing in significant quantity in the economy. 42 U.S.C. § 423(d)(2)(A).

3

Plaintiff asserts that the Magistrate Judge gave too much deference to the ALJ's opinion, which was not properly explained or supported and which improperly disregarded particular medical reports, specifically those of the treating physicians, Dr. John Quinn and Mr. William Mohler.  When evaluating whether a particular plaintiff is disabled, an ALJ must give more weight to the opinion of the plaintiff's treating physician or must articulate reasons for rejecting it.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004).  The ALJ found that Mr. William Mohler was not a treating physician because he had only examined Plaintiff on one occasion.  Moreover, the ALJ explained that Mr. Mohler's opinion was suspect because his diagnosis of her restrictions did not comport with the other available medical evidence.  Mr. Mohler had opined that Plaintiff's ability to relate to others and her ability to handle routine stress was impaired. (Tr. 173).  However, the ALJ found that, as Plaintiff herself testified during the hearing, Plaintiff had a functional relationship with her significant other, got along well with friends, and would periodically go to church, which directly contradicts Mr. Mohler's opinion. (Tr. 278-80).  The Magistrate Judge agreed with each of these findings by the ALJ regarding Mr. Mohler, and further found that the ALJ had adequately explained why he gave Mr. Mohler's opinion less weight.

The ALJ also gave less weight to Dr. Quinn's opinion, who apparently examined Plaintiff on only one occasion, and who therefore would not qualify as a treating physician, nor would his opinion carry as much weight as a treating physician's would carry.  *Wilson*, 378 F.3d at 545.  Although Dr. Quinn administered some memory tests, WAIS similarities subtests, and WAIS information subtests during his consultation, there is no evidence that Dr. Quinn reviewed any of Plaintiff's medical records, and instead it would appear that Dr. Quinn's opinion is based in large

4

part on what Plaintiff told him.[1]  Even if Dr. Quinn were a treating physician, when a medical opinion is not based on objective medical evidence, the ALJ is not required to give that opinion greater weight.  *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994).  The ALJ properly noted that Dr. Quinn's opinion was based largely on Plaintiff's subjective complaints.  The Magistrate Judge found that the ALJ had adequately explained that, because Dr. Quinn's report is not supported by objective medical evidence, the ALJ was not bound by it.  Moreover, as explained above, it does not appear from this Court's review of the record that there was any reason to regard Dr. Quinn as a treating physician.

The Court finds that the Magistrate Judge's Report adequately sets forth Plaintiff's Objections, and addresses those objections in turn.  The reasoning and legal analysis provided in the Report are supported by the record, and the Magistrate Judge properly found that the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence.

### III. CONCLUSION

As this Court is required to review only those objections which are specifically raised and argued by the parties and not those generally referenced as having been made in the briefs on the merits prior to the Magistrate Judge's Report, the Court has sufficiently addressed Plaintiff's objections.[2]  The Court has conducted a de novo review of the record and finds that the ALJ did not err as a matter of law with respect to his findings, which were supported by substantial evidence.  Moreover, this court finds that the ALJ did apply the proper legal standards in reviewing Plaintiff's claim.  Accordingly, this court hereby ADOPTS the findings of fact and

---

[1] For example, Dr. Quinn's report repeatedly stated: "She reported trouble falling and staying asleep…."; "She reported being suicidal…."; "She reported having a low energy level."; "She reported feelings of irritability…"; "She reported a loss of interest in sex…." (Tr. 206-207).

[2] Plaintiff stated in her brief that "[f]or the foregoing reasons, as well as those outlined more fully in Plaintiff's Brief on the Merits, Plaintiff respectfully requests that this court decline to adopt the Magistrate Judge's Report[.]"  However, as the Court has noted, specific objections to the Magistrate Judge's Report must be reviewed by this Court, rather than those "outlined more fully" before the Report was ever issued.  *Howard*, 932 F.2d at 509.

conclusions of law set forth by the Magistrate Judge in his Report and Recommendation as clarified herein.  Therefore, the decision of the Commissioner is hereby AFFIRMED.

IT IS SO ORDERED.


DATED: April 30, 2008                              */s/ John R. Adams*
                                                   Judge John R. Adams
                                                   UNITED STATES DISTRICT COURT